# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANDREW ELLIOTT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JURY DUTY and CIVIL COURTS )<br>BUILDING, )<br>)<br>Defendants. ) | No. 4:06-CV-945-CAS |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Andrew Elliott to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, applicant will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). In addition, the Court has reviewed the instant complaint and will dismiss it prior to service.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Liberally construing plaintiff's complaint, it appears that plaintiff alleges that he was wrongfully imprisoned because he refused to appear for jury duty. He seeks monetary and declaratory relief.

**Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Therefore, plaintiff's complaint is frivolous as to defendants Jury Duty and Civil Courts Building because they are not "persons" under § 1983. Plaintiff's claim must also fail because § 1983 is a method for vindicating constitutional rights, and plaintiff has no constitutional right to be free from the responsibility of jury duty.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. *See* 28 U.S.C. § 1915(a). [Doc. 1]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot. [Doc. 4]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of July, 2006.